**SO ORDERED.**

**SIGNED this 30 day of August, 2012.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

MARY THERESA SCOTT,                         CASE NO. 10-00794-8-JRL
                                            CHAPTER 7
    DEBTOR.

**O R D E R**

This action is before the court on the motion of the trustee to approve a compromise with Metropolitan Health Corporation ("MHC") that would terminate more than a decade of litigation between the debtor and MHC in the federal district court in Michigan and the United States Court of Appeals for the Sixth Circuit. Specifically, the settlement calls for the trustee to compromise the debtor's pending appeal to the Sixth Circuit of the denial of the debtor's Rule 60 motion asking the district court to vacate its order awarding sanctions against her of $1,608,268.80 for litigation misconduct, in exchange for a payment of $15,000 by MHC, the appellee in the pending appeal. The debtor opposes approval of the settlement, and the court conducted a hearing on August 28, 2012 on the motion. This order confirms the ruling provided at the conclusion of the hearing.

The lengthy and complex history of this litigation has been fully described in earlier

opinions of this court and will not be repeated here in detail. In summary, the debtor, while a vice-president of MHC, filed a qui tam action against her employer in which the United States intervened, and which was ultimately settled with an agreement by MHC to pay $6,250,000. The debtor was entitled to receive as her relator fee the sum of $1,250,000 plus interest. The settlement did not end the litigation, as the lawsuit also included retaliation claims brought by the debtor arising from her discharge while the qui tam action was pending. The district court entered summary judgment against the debtor on her retaliation claims, and in that order, invited MHC to apply for further sanctions. Subsequently, without ever conducting a single evidentiary hearing, the district court entered an award of sanctions against the debtor in excess of $1.6 million dollars. The district judge also denied without a hearing a recusal motion based on his wife's membership in a law firm representing MHC in a planned bond offering that was stalled by this litigation. This decision was affirmed by the Sixth Circuit, and the Supreme Court denied certiorari. Subsequently, the debtor filed a Rule 60 motion with the district court, which was denied by a subsequent judge. It is the appeal of that order that was stayed by the bankruptcy filing here.

In the bankruptcy case, MHC filed an adversary proceeding asserting that the sanctions award in its favor was nondischargeable as a willful and malicious injury under 11 U.S.C. § 523(a)(6). This court ultimately concluded that it was required to give collateral estoppel effect to the district court sanctions order, affirmed by the Sixth Circuit, and held that the sanctions judgment was nondischargeable. That decision is on appeal.

The debtor advances two arguments in opposition to the settlement. First, she asserts that her appeal of the sanctions order to the Sixth Circuit does not involve any property rights to

which the estate has succeeded under § 541, and thus the trustee has no standing here. Second, she asserts that the settlement does not meet the standard for approval of a compromise under B. R. 9019, or to the extent this is construed as a sale, under § 363(b)(1).

Turning to the first argument, the debtor asserts that her exercise of "defensive appellate rights" involves no exercise of property rights under North Carolina law. She relies in large part on an Iowa decision, In re Morales, holding that an "appeal of the judgment against her on a debt does make the appellate action an asset" and it "is not property under Iowa law." 403 B. R. 629, 632–33 (Bankr. N.D. Iowa 2009). Without challenging the accuracy of this analysis, it is not controlling here, for the debtor's appeal here, if successful, would indisputably give rise to at least a contingent claim of the estate against MHC, and thus does involve estate property that the trustee can administer. When the district court issued its sanctions order, the debtor was still due $444,825.91 of her relator fee arising from the successful qui tam action. The district court attached these funds and ordered their payment to MHC in partial payment of the sanctions. Were the debtor to be successful in her appeal, MHC's right to retain this payment would be undercut, and the trustee would certainly seek its turnover as estate property. Thus the debtor's appellate rights here are inextricably interwoven with a claim to estate property to which the trustee succeeds and can administer. The debtor's first objection to approval of the compromise is denied.

Turning to the familiar standards for approval of a compromise under B. R. 9019, the court focuses on four issues to support its oral ruling that the compromise should be disallowed. First, the amount of the settlement, $15,000, is relatively minor when compared to the claim of more than $440,000 to which the estate could assert entitlement were the appeal to be successful.

Numbers this disparate suggest that there should be absolutely no chance of success on the merits before the appeal is abandoned.  Second, the costs in pursuing the appeal are reasonable.  The debtor's appellate brief has already been filed, so additional fees would be incurred only to prepare a reply brief and attend oral argument if allowed.  Third, and most importantly, while recognizing the heavy burden of setting aside a judgment under Rule 60 for extraordinary circumstances, this court has from the bench and in opinions noted the oddity of the record on which this sanctions order was based.  The Michigan court invited the sanctions motion sua sponte, then entered a lengthy opinion with numerous findings of facts supporting its $1.6 million judgment, without ever conducting a single evidentiary hearing or providing the debtor an opportunity to appear to defend her actions.  Additionally, there is some force to the debtor's argument that the intervening Supreme Court decision in Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868 (2009) has refined the standard by which the district court's recusal decision in this case should be judged.

      Finally, one of the essential purposes of bankruptcy is to provide a debtor a fresh start.  The debtor here has lost that opportunity by this court's decision that collateral estoppel effect must be given to the Michigan proceedings, and thus faces the reality of a $1.2 million judgment against her that can never be discharged.  Nonetheless, the debtor has throughout vehemently asserted that the sanctions order is baseless and unwarranted.  The court concludes that it is fair and equitable to give her a final opportunity to so persuade the Sixth Circuit.

      Accordingly, the motion to approve the compromise is **DENIED**.  The trustee is allowed a period of thirty days from entry of this order to determine, in his discretion, if he desires to intervene in the proceedings before the Sixth Circuit as the party in interest.  If he declines to do

so, the debtor, at her own expense, is allowed a period of sixty days from the trustee's notification to pursue this appeal by retaining counsel, providing the Sixth Circuit with a copy of this order, and requesting that the stay be lifted and the briefing schedule resumed. The automatic stay under § 362 is modified to allow this order to take effect. If at the end of ninety days the appeal has not been resurrected in accordance with these terms, the settlement will be approved without further hearing.

**END OF DOCUMENT**